UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60161-SMITH

UNITED STATES OF AMERICA,

v.

RENZO WILLIAM ALEGRE,
(aka RENZO WILLIAM ALEGRE CASILLAS),

     Defendant.

_____/

## FACTUAL PROFFER

The United States of America and Defendant Renzo William Alegre (also known as Renzo William Alegre Casillas) ("Defendant"), agree that had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt, which occurred in Broward County, in the Southern District of Florida:

1. On March 16, 2019, Defendant completed and signed Immigration Form N-400, Application for Naturalization ("Application"), seeking U.S. citizenship. In the Application, Defendant was asked: "*Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested*?" Defendant stated, "*No.*"

2. On October 23, 2019, Defendant appeared for his immigration interview with U.S. Citizenship and Immigration Services, where his written answers to his previously submitted Application were reviewed in the presence of an Immigration Officer. Defendant was placed under oath, under penalty of perjury, and Defendant reaffirmed that he had never committed a crime or offense for which he had not been arrested.

3. On October 28, 2019, Defendant executed Immigration Form N-445, Notice of Naturalization Oath Ceremony. Defendant answered "*No*" when asked: "*Since your*

*[naturalization] interview, have you knowingly committed any crime or offense for which you have not been arrested?".*

4.      On October 31, 2019, Defendant had his Naturalization Oath Ceremony and was granted U.S. citizenship.

5.      On September 16, 2020, Defendant was arrested for child pornography violations. According to the factual proffer signed by Defendant and his counsel in that case, in July 2020, law enforcement, working in an undercover capacity, utilized BitTorrent, an enhanced version of a publicly available peer-to-peer file sharing program, to identify individuals sharing images or videos depicting child pornography. Law enforcement found a computer with IP address 66.229.49.11 sharing child pornography images and videos, registered to Defendant's Broward County address. On September 16, 2020, law enforcement executed a federal search warrant on Defendant's home. Law enforcement found child pornography on Defendant's computer and cellphone: A full forensic analysis of Defendant's desktop computer and cellular device revealed at least 600 or more images of child pornography. Many of the videos depicted prepubescent minors and sadistic or masochistic conduct. *See USA v. Alegre*, 21-cr-60041-Altman ("*Alegre*"), ECF No. 34.

6.      In his post-*Miranda* interview on September 16, 2020, Defendant admitted to possessing and watching child pornography "probably 3 times a week." Defendant stated that he downloaded child pornography to his phone about "a year ago" and the last time he watched child pornography was on September 15, 2020, one day before his arrest. Defendant admitted that he knew child pornography was illegal but said he got "hooked" and could not stop.

7.      Law enforcement's forensic review of Defendant's electronic devices confirmed Defendant possessed child pornography at least as of September 16, 2019.

8.     In 2022, Defendant was sentenced to 48 months' imprisonment, followed by 20 years of supervised released, for Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). *See Alegre*, Amended Judgment, ECF No. 97.

9.     Thus, in falsely stating that he had never committed a crime or offense for which he had not been arrested, Defendant knowingly made a false statement under oath during naturalization proceedings that played a material role in his unlawful procurement of U.S. citizenship. Defendant's misrepresentation legally disqualified him for citizenship or was sufficiently relevant to a naturalization criterion that it would have prompted reasonable officials to undertake further investigation, and that investigation would predictably have disclosed some legal disqualification.

The information contained in this Factual Proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove beyond a reasonable doubt that Defendant procured citizenship or naturalization unlawfully, in violation of 18 U.S.C. § 1425(a).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 9/16/25          By: _____
                            LATOYA C. BROWN
                            ASSISTANT UNITED STATES ATTORNEY

Date: 9-15-2025        By: _____
                            ROBERT N. BERUBE
                            ATTORNEY FOR DEFENDANT

Date: 9-15-2025        By: _____
                            RENZO WILLIAM ALEGRE
                            (aka RENZO WILLIAM ALEGRE CASILLAS)
                            DEFENDANT

3