**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-60161-SMITH**

**UNITED STATES OF AMERICA**

**v.**

**RENZO WILLIAM ALEGRE,**
  **a/k/a "Renzo William Alegre Casillas,"**

  **Defendant.**

_____/

**GOVERNMENT'S MOTION FOR ORDER REVOKING DEFENDANT'S**
**CITIZENSHIP AND CANCELING CERTIFICATE OF NATURALIZATION**

The United States of America, pursuant to 8 U.S.C. §§ 1451(e) and (f), respectfully asks the Court to enter an order revoking, setting aside, and declaring void the order admitting Defendant Renzo William Alegre (a/k/a "Renzo William Alegre Casillas") ("Defendant") to U.S. citizenship and canceling his Certificate of Naturalization.

**I.      PROCEDURAL HISTORY**

Defendant was indicted on June 26, 2025. *See* ECF No. 1. Count 1 of the Indictment charges Defendant with Procurement of Citizenship or Naturalization Unlawfully, in violation of 18 U.S.C. § 1425(a). On September 16, 2025, Defendant was convicted and adjudicated guilty after pleading guilty to Count 1 of the Indictment. *See* ECF Nos. 20, 22 & 23.

On January 6, 2026, Defendant will appear before this Honorable Court for sentencing, and pursuant to 8 U.S.C. § 1451(f), the United States asks that the Court, at the time of sentencing, to enter a written Order of Revocation, in the form of the attached Proposed Order.

**II.     ARGUMENT AND AUTHORITIES**

Under 8 U.S.C. § 1451(e), Defendant's conviction for violating 18 U.S.C. § 1425 mandates denaturalization. Section 1451(e) provides as follows:

> When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

8 U.S.C. § 1451(e). Revocation of citizenship pursuant to Section 1451(e) "is mandatory upon conviction of naturalization fraud" under 18 U.S.C. § 1425, and the district court's task in this respect is purely ministerial. *United States v. Inocencio*, 328 F.3d 1207, 1209 (9th Cir. 2003); *see also United States v. Moses*, 94 F.3d 182, 187-88 (5th Cir. 1996) ("[Section 1451(e)] is mandatory—the district court *shall* revoke the citizenship if the individual is convicted under section 1425.") (emphasis in original).

The "purpose of 8 U.S.C. § 1451(e) is to ensure the *automatic* revocation of naturalization upon a conviction for naturalization fraud under 18 U.S.C. § 1425." *Inocencio*, 328 F.3d at 1210 (emphasis in original). Thus, because revocation is automatic, ministerial, and required by law, a "trial court has no discretion in applying the statute." *United States v. Odelakon*, 150 F. App'x 374, 376 (5th Cir. 2005) (citing *Moses*, 94 F.3d at 187-88); *see also United States v. Maduno*, 40 F.3d 1212, 1218 (11th Cir. 1994), *cert. denied*, 516 U.S. 840 (1995) ("The revocation is a simple ministerial task and involves no exercise of discretion because the revocation is statutorily mandated."). It follows, then, that a defendant convicted of naturalization fraud under 18 U.S.C. § 1425 is not entitled to any additional process before the district court revokes his or her naturalization. *See, e.g.*, *Inocencio*, 328 F.3d at 1211 (rejecting defendant's due process argument that she was entitled to notice and an opportunity to respond before revocation, and noting that

2

"[b]ecause 8 U.S.C. § 1451(e) does not provide for notice or an opportunity to respond beyond the notice inherent in a trial and a verdict of guilty, revocation under that subsection is automatic"); *see also United States v. Barekzai*, 327 F. App'x 732, 733 (9th Cir. 2009) (reversing district court's denial of the government's motion to revoke defendant's citizenship, and holding that "[b]ecause [defendant] pled guilty to unlawfully procuring citizenship, no further proof of the elements was required and revocation was mandatory. There is no exception.").

Here, Defendant stands convicted of knowingly procuring his U.S. citizenship in violation of 18 U.S.C. § 1425. Thus, for the reasons set forth above, the United States requests that the Court "revoke, set aside, and declare void the final order admitting" Defendant to citizenship and declare Defendant's Certificate of Naturalization "canceled" under 8 U.S.C. § 1451(e).

Finally, 8 U.S.C. § 1451(f) instructs that the Court shall send a copy of the order canceling Defendant's Certificate of Naturalization to the Attorney General and that Defendant, upon notice of the order, shall surrender the Certificate of Naturalization to the Attorney General. Section 1451(f) provides as follows:

> Whenever an order admitting an alien to citizenship shall be revoked and set aside or a certificate of naturalization shall be canceled, or both, as provided in this section, the court in which such judgment or decree is rendered shall make an order canceling such certificate and shall send a certified copy of such order to the Attorney General. The clerk of court shall transmit a copy of such order and judgment to the Attorney General. A person holding a certificate of naturalization or citizenship which has been canceled as provided by this section shall upon notice by the court by which the decree of cancellation was made, or by the Attorney General, surrender the same to the Attorney General.

8 U.S.C. § 1451(f). Accordingly, the United States requests that this Court send a copy of its order canceling Defendant's Certificate of Naturalization to the United States Attorney for the Southern District of Florida, or his designee. As provided for in the attached proposed order, the United States further requests that the Court order that Defendant shall, within ten days of the Court's

3

order, surrender and deliver his Certificate of Naturalization, any and all U.S. passports and passport cards, and any other indicia of U.S. citizenship to the United States Attorney for the Southern District of Florida, or his designee.

## III.    CONCLUSION

Defendant has been convicted of knowingly procuring his U.S. citizenship in violation of 18 U.S.C. § 1425. Thus, as mandated by 8 U.S.C. § 1451(e), the United States respectfully requests that this Court enter the attached proposed order revoking, setting aside, and declaring void the order admitting Defendant to U.S. citizenship and canceling his Certificate of Naturalization.

## IV.    CERTIFICATE OF CONFERRAL

Undersigned counsel sent defense counsel, Robert Berube, a draft of the motion and proposed order on November 14, 2025. Defendant has not informed the government of its position.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

/s/*Latoya C. Brown*
Latoya C. Brown
Assistant United States Attorney
Florida Bar No. 105768
United States Attorney's Office
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Phone: (954) 660-5957
Email: Latoya.Brown2@usdoj.gov

4